[Cite as *In re J.M.*, 2014-Ohio-3561.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| J.M., | ) | CASE NO.  13 CA 889 |
| | ) | |
| D.O.B. 4-13-00. | ) | OPINION |
| | ) | |


| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| H.M., | ) | CASE NO.  13 CA 890 |
| | ) | |
| D.O.B. 7-19-02. | ) | OPINION |
| | ) | |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from Juvenile Court, Carroll County, Ohio, Case Nos. 20103014 & 20103015. |
| JUDGMENT: | Affirmed. |
| APPEARANCES: | |
| For Plaintiff-Appellant: | Attorney Michael Repella, II 26 Second Street, S.E Carrollton, OH  44615 |
| For Defendant-Appellee: | Attorney Donald Burns, Jr. Prosecuting Attorney Attorney Steven Barnett Assistant Prosecuting Attorney Office of Prosecuting Attorney 7 East Main Street Carrollton, OH  44615 |
| JUDGES: Hon. Mary DeGenaro Hon. Gene Donofrio Hon. Cheryl L. Waite | Dated: August 7, 2014 |

DeGenaro, P.J.

**{¶1}** Appellant-Mother, Jennifer McMillen appeals the decision of the Carroll County Court of Common Pleas, Juvenile Division, terminating her parental rights to J.M. and H.M., her minor children. Jennifer argues that the trial court abused its discretion in making legal and factual findings that were not properly before the court. For the reasoning discussed below, Jennifer's argument is meritless and the judgment of the trial court is affirmed.

## Facts and Procedural History

**{¶2}** On January 14, 2011, J.M., D.O.B: April 13, 2000 and H.M., D.O.B: July 19, 2002, were adjudicated dependent by the Carroll County Juvenile Court. The children were placed into the temporary custody of a close family friend and remained there until December 30, 2011, at which time they were returned to Jennifer subject to protective supervision. On May 18, 2012, the Carroll County Department of Job and Family Services (CCDJFS) requested emergency removal of the children due to "exigent circumstances." The juvenile court granted the motion finding shelter care was necessary due to the parties' noncompliance, and the children were placed in the temporary custody of CCDJFS.

**{¶3}** On December 14, 2012, a motion for modification of temporary custody to permanent custody was filed by CCDJFS. The basis of the motion was that "[t]he child[ren] should not be placed with either parent" and that permanent custody was in the best interests of the child[ren]. Further, the motion provided a narrative outlining the children's history with the agency, Jennifer's suicide attempts, her continued drug use, her erratic behavior, and her untreated mental disorders.

**{¶4}** Jennifer was served by certified mail with a copy of the permanent custody motion on December 28, 2012. The hearing on the motion commenced on April 26, 2013; CCDJFS presented its entire case and rested. Due to timing issues, the juvenile court continued the matter until June 18, 2013, so that Jennifer could present her case in its entirety.

**{¶5}** The juvenile court's judgment entry of July 17, 2013, found as to Jennifer a history of drug abuse, anger management issues, mental issues, specifically bi-polar,

depression, and impulse control; attempted suicide on several occasions, failure to follow through with mental health treatment; unsuccessful drug treatment; failure to protect the children from her violent outbursts; and an inability to attend to the children's needs. Thus, the trial court found that the children could not be returned to Jennifer within a reasonable time. Further finding that neither parent had family or extended family that would be an appropriate placement for the children, the judgment entry concluded that "a grant of permanent custody to the Carroll County Department of Job and Family Services, terminating all parental rights, was in the best interest of the child(ren)."

## Waiver and Actual Knowledge

{¶6} In her sole assignment of error, Jennifer asserts:

{¶7} "The trial court erred and/or abused its discretion in making legal and factual findings that were not properly before the court."

{¶8} Although her assignment of error is framed otherwise, Jennifer argues the permanent custody motion filed by CCDJFS failed to assert any ground for the change from temporary custody to permanent custody with sufficient definiteness to put her on notice in order to defend. CCDJFS counters Jennifer failed to timely raise the issue of sufficiency of notice and therefore any defect is waived, but alternatively argues that the notice was reasonably calculated to inform Jennifer of the Agency's desire to terminate her parental rights.

{¶9} This court addressed similar arguments in *In re Stephens*, 7th Dist. No. 00-CO-2, 2001-Ohio-3264. Mother appeared with counsel at both the pre-trial and merit hearing, at which evidence was presented on her behalf. On appeal, Mother contended that because the record was silent with respect to having been served with the complaint, the juvenile court did not have jurisdiction. This Court disagreed for multiple reasons. First, the record contained a return receipt bearing her signature, demonstrating that she had in fact been served with notice. *Id. *3.* Second, she waived raising any deficiency regarding notice on appeal because she failed to raise it in the juvenile court. *Id.* Finally, the panel held that actual knowledge satisfied the statutory notice requirement, adopting the First District's analysis in a similar case:

"There is no question that appellant [Webb] in the instant case had actual notice of the proceedings, appeared, defended, and was given a full opportunity to be heard. Appellant does not argue that he was unaware of the nature of the proceedings. Further, appellant was represented by counsel throughout the proceedings. * * * Because the record clearly demonstrates that appellant had actual notice of the proceedings, fully understood his rights and the nature of the proceedings, and participated throughout, the first assignment of error is overruled."

*In re Webb,* 64 Ohio App.3d 280, 581 N.E.2d 570 (1st Dist.1989) (despite lack of statutory notice, jurisdiction vests when a parent had actual notice of custody termination proceedings); quoted in *Stephens,* *3.

{¶10} Here, CCDJFS served Jennifer with a motion for modification of temporary custody to permanent custody. The basis of the permanent custody motion was that "the child(ren) should not be placed with either parent." A lengthy narrative follows, outlining the children's history with the agency, Jennifer's suicide attempts, her continued drug use, her erratic behavior and her untreated mental illness. Jennifer did not raise an objection with the juvenile court regarding the sufficiency of notice or assert she was unable to defend the permanent custody motion. Consistent with *Stephens*, Jennifer's argument regarding notice has been waived.

{¶11} But even if Jennifer had not waived the issue, her argument fails on the merits. Jennifer contends that the motion indicates that CCDJFS was proceeding on the basis that the children should not, as opposed to cannot, be placed with either parent within a reasonable amount of time. Jennifer asserts that if she had notice CCDJFS was proceeding under the latter, as opposed to the former, then her defense would have been different. CCDJFS counters both of these options are contained within the same statutory section, R.C. 2151.414(B)(1)(a), which is clearly written in the disjunctive.

{¶12} First, at the beginning of the hearing CCDJFS stated that it was proceeding under both prongs contained in R.C. 2151.414(B)(1)(a) and Jennifer did not object. An

appellant's failure to object at trial waives all but plain error, *Fearer v. Humility of Mary Health Partners*, 7th Dist. No. 06 MA 84, 2008-Ohio-1181, ¶119, which is generally not favored in civil cases. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997). Second, given the manner in which the statute is written, Jennifer's counsel had to prepare to defend either option. Finally, CCDJFS presented testimony and evidence consistent with the motion's narrative; specifically, her suicide attempts, drug abuse and mental health issues. Jennifer appeared with counsel, defended and was given a full opportunity to be heard. Further, she had additional time, over 50 days, to prepare her case in chief due to the continuance granted by the juvenile court.

{¶13} Consistent with *Stephens*, the record demonstrates that Jennifer had actual knowledge of the basis of the motion and how CCDJFS intended to proceed. Accordingly, Jennifer had sufficient notice of the grounds against which she would have to defend the permanent custody motion. There was no error, let alone plain error with respect to notice.

{¶14} For the foregoing reasons, Jennifer's sole assignment of error is meritless, and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.